## Roseberry v. Louisville Railway Company.

(Decided February 3, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch Number Three).

1. Trial—Instructions.—Each party is entitled to have his theory of the case, if supported by evidence, presented to the jury by appropriate instructions. Instructions given in this case examined and held not to disregard or violate such right.
2. Trial—Witnesses.—In the absence of an avowal of what a witness would have answered to a question asked, this court can not say the ruling of the trial court in sustaining an objection to the question was prejudicial error.
3. New Trial—Newly Discovered Evidence.—Newly discovered evidence that is cumulative if it is decisive of a question at issue and could not have been produced at the trial by the exercise of reasonable diligence, may furnish grounds for a new trial. Evidence newly discovered in this case examined and held not to be of the required character to entitle appellant to a new trial.

O'DOHERTY & YONTS for appellant.

F. P. STRAUS, HOWARD B. LEE and ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant brought this suit to recover for alleged injuries sustained by her on July 19, 1913, when, while riding on Eighteenth Street at or near its crossing of St. Louis Avenue in Louisville in an automobile driven

by her husband, the automobile was struck by one of appellee's cars as a result of the alleged negligence of the motorman. Appellant's contention is that the collision occurred after her automobile had turned off of St. Louis Avenue into Eighteenth Street, and had proceeded about one hundred feet along Eighteenth Street; that the street car was running at an unusually fast rate of speed, and that appellee's agent in the operation of said car by the exercise of ordinary care could have avoided the accident.

Appellee's contention is that the accident occurred at the intersection of the two streets above named, and resulted from the turning of the automobile out of St. Louis Avenue into Eighteenth Street in front of and so close to the approaching street car that its motorman, although doing everything that was within his power to do, could not avoid the accident.

A verdict resulted in favor of appellee, and appellant's motion and grounds for a new trial having been overruled, she appeals.

Counsel for appellant argues that the court did not present in the instructions given to the jury appellant's theory of the case, and directs his objection to the following instructions given:

"1. It was the duty of the motorman, in charge of the south-bound car in the testimony referred to, to run his car at a reasonable rate of speed; to keep lookout ahead for persons upon the track in front of him or so near the track as to be in danger of being struck by the car; and to have his car under reasonable control; and, as he approached the intersection of Eighteenth Street and St. Louis Avenue, to give timely warning of the approach of the car to the intersection, and, generally, to exercise ordinary care, as he approached and crossed over the intersection, to so operate his car as to avoid colliding with persons or vehicles using the intersection; and, if you believe from the evidence in this case, that the motorman in charge of said car failed in any one or more of these duties, and thereby negligently caused his car to collide with the automobile in which the plaintiff was riding, and she was thereby injured, the law is for the plaintiff, and the jury should so find.

"But unless you believe from the evidence the law of the case is for the defendant, the Louisville Railway Company, and you should so find.

"2. If you believe from the evidence that the automobile came upon or near the track in front of the car and was then in a position from being struck by the car, and the motorman saw, or by the exercise of ordinary care could have seen, that the automobile was in a position of danger, and that the street car was then far enough back from the automobile for the motorman, in the exercise of ordinary care with the means at his command, to have slowed or stopped the car so as to have avoided striking the automobile, and he negligently failed to do so, the law is for the plaintiff, although the preson operating the automobile was also negligent."

Counsel's objections to the first instruction are that it defines the duties of the street car motorman at the intersection of streets where appellee claims the accident occurred, and that it does not define the motorman's duties except at the intersection, when appellant's contention is that the accident occurred about one hundred feet from the corner, but counsel's contention is not sustained by reading the instruction, for the first three duties therein specified are not limited to the street crossing, but are applicable at all times, and seem to us to correctly define the duties of the motorman applicable to this case, even if it might be assumed that the accident happened at the point claimed by appellant.

The jury were told therein that it was the motorman's duty at all times to run his car at a reasonable rate of speed; to keep a lookout ahead for persons upon the track in front of him or so near the track as to be in danger, and to have his car under reasonable control.

The instruction does define his especial duties at the street crossing, as was proper it should in view of the testimony for appellee tending to show that the accident occurred at or near the crossing rather than at the point claimed by appellant, which gave appellant the right to recover if the motorman failed in any of his duties, whether at the crossing or between crossings, which might have caused the accident.

We think this instruction presented to the jury the question of whether or not the accident resulted from the negligence of appellee's motorman, at either place, and while it is probably true that, in view of the conflict in the evidence about the exact place of this accident, it would have been the better practice for the court to have given a separate instruction with reference to

each place; still the above instruction having defined the motorman's duties at each place and having combined into one instruction all that could have been given under the two, if separated, we cannot believe appellant was prejudiced thereby, or that her theory of the accident was not presented to the jury by that instruction.

Counsel for appellant also objects earnestly to the second instruction given by the court, alleging as a reason for his objection that it assumes that appellant, or her husband, was guilty of such negligence as placed her in peril. We do not so read it. This instruction, it seems to us, very clearly and in almost the exact language used by appellant in the third instruction offered by her, explains to the jury that appellant was entitled to recover without regard to whether or not she or her husband was guilty of negligence, if the motorman saw, or by the exercise of ordinary care could have seen, that the automobile was in a position of danger in time to have avoided the accident, and he failed to use every means at hand to prevent it. This instruction correctly presented appellant's theory of the case, even if the first one had not done so, and we do not see how the court could have more clearly or completely presented it than is done by this second instruction. We are convinced there was no prejudicial error, if any, either in the giving or refusing of the instructions by the trial court.

II. The next objection is that the action of the court in refusing to permit appellant to prove by herself and her witness, Mr. Shaw, the rate at which appellee's street car was traveling just before the time of the accident was prejudicial error. Appellant was permitted and did testify that the street car was approaching very fast, and the witness Shaw said that something over half of a square from where the accident occurred the street car was coming at an awful rate of speed. There is no avowal as to what either of these witnesses would have stated the speed of the car to have been in miles per hour, nor in fact were they asked the exact question. The court permitted appellant to state how hard the car struck the automobile, how far it knocked it, and whether it was a heavy or a light blow. The court volunteered the statement that appellant having her back to the approaching car, would not be able to estimate accurately the rate of speed at which it was approaching, and that Mr. Shaw from his position inside his home having sim-

ply seen the car pass in front of the door, could not have estimated the speed at which it was going. While, of course, it is better practice for a trial court to refrain from voluntary statements about the witnesses and the evidence, and to confine himself to passing upon objections as presented, still we think appellant got the full force of what these witnesses could have known about the speed of the car; but, however that may be, in the absence of avowals as to what they would have said, we are unable to say, if error, it was prejudicial error, for the court to have refused to permit these witnesses to attempt to express more accurately the rate of speed at which the car was going.

III. Another ground for reversal urged by counsel for appellant is that the court erred in refusing to grant a new trial upon the ground of newly discovered evidence. Affidavits were filed of five persons who would have testified that the accident occurred practically where stated by appellant in her testimony, one of whom measured the distance from the corner by stepping it, and stated the distance to be one hundred and twenty-six feet. Even if it might be conceded the testimony of these witnesses would have been conclusive of the exact location at which the accident occurred, which it would not have been since several of appellee's witnesses had testified as positively as these witnesses could have done that the accident occurred at or near the corner, still there was nothing in this testimony that could not have been ascertained with as much certainty by measurement before as after the trial. And while agreeing with counsel's propositions of law that newly discovered evidence, although in a sense cumulative, may furnish ground for a new trial, if it is decisive and could not have been produced at the time of the trial, we do not believe that the newly discovered evidence as disclosed by the affidavits was of the required character, or might not with diligence have been produced at the trial. It is certainly cumulative.

Other grounds named in the motion for a new trial and not urged by counsel in brief, will not be discussed; although they were reviewed.

Perceiving no prejudicial error in the trial of this case, the judgment herein is affirmed.